NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241223-U

NO. 4-24-1223

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 15, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ford County |
| RYAN SCHOOLCRAFT, | ) | No. 18CF3 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Matthew John Fitton, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court reversed and remanded for further proceedings, finding
defendant had established cause and prejudice as to his claim that counsel was
ineffective for failing to appeal his conviction after he directed her to do so.

¶ 2   Defendant, Ryan Schoolcraft, appeals the denial of his motion for leave to file a
successive postconviction petition, in which he sought to raise three claims of ineffective
assistance of counsel concerning attorney Maureen Williams, who represented him during
posttrial proceedings and on his initial postconviction petition. Specifically, defendant argued
Williams was ineffective for failing to file a direct appeal after he directed her to do so, to file a
proper certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) during the
proceedings on his initial postconviction petition, and to disclose criminal charges and a
professional complaint that were pending against her while she was representing him. We affirm
in part, reverse in part, and remand the matter for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4            Following a trial in January 2019, a jury found defendant guilty of two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and one count of criminal sexual assault (*id.* § 11-1.20(a)(3)). Defendant retained Williams as his attorney after the trial had concluded but before the sentencing hearing. A different attorney had represented defendant during the trial.

¶ 5            In February 2019, Williams filed a timely "placeholder" motion for a new trial shortly after she began representing defendant. Later that month, Williams filed a motion to continue the sentencing hearing. At a hearing on her motion to continue, she argued she could not adequately prepare for sentencing or determine which issues to include in a motion for a new trial without sufficient time to obtain and review the trial transcripts. The trial court continued the sentencing hearing until March 11, 2019. Williams did not file an amended motion for a new trial or request an additional continuance prior to that date.

¶ 6            On March 11, 2019, Williams indicated that she wished to withdraw the motion for a new trial she had previously filed, which the trial court allowed. The court held a sentencing hearing that day and imposed consecutive sentences of 15 years' imprisonment on each count of predatory criminal sexual assault of a child and 5 years' imprisonment for criminal sexual assault, for a total of 35 years' imprisonment. Defendant did not file a direct appeal.

¶ 7            In August 2020, Williams filed a postconviction petition on defendant's behalf that she subsequently amended. The amended petition alleged that defendant's trial counsel was ineffective for failing to properly advise him regarding a plea offer and the risk he was taking if he proceeded to trial. The trial court summarily dismissed the postconviction petition.

¶ 8            Defendant appealed the summary dismissal of the postconviction petition and was

represented by the Office of the State Appellate Defender. On appeal, defendant argued that Williams operated under an actual conflict of interest and provided ineffective assistance in preparing his postconviction petition by raising a single issue that was meritless and failing to raise several arguably meritorious claims that were apparent from the record, including a claim that she provided ineffective assistance under *United States v. Cronic*, 466 U.S. 648 (1984), while serving as posttrial counsel. *People v. Schoolcraft*, 2022 IL App (4th) 200601-U, ¶ 37. We affirmed the trial court's judgment, finding defendant failed to demonstrate that he was prejudiced by Williams's failure to raise the three identified issues. *Id.* ¶¶ 41, 49-64.

¶ 9            On June 6, 2024, defendant, represented by new counsel, filed a motion for leave to file a successive postconviction petition and a proposed successive postconviction petition. Both of these documents incorporated by reference the allegations in the other. In the motion for leave to file a successive postconviction petition, defendant sought to raise several "claims of ineffective assistance of post-conviction [counsel]." Specifically, the motion asserted that Williams was ineffective for failing to file a substantive posttrial motion or pursue a direct appeal on defendant's behalf, file a proper Rule 651(c) certificate in the proceedings on the initial postconviction petition, and disclose a pending criminal case and Attorney Registration and Disciplinary Commission (ARDC) investigation against her, which occurred while she was representing defendant. The motion alleged: "While representing the petitioner[,] counsel was on probation for a misdemeanor (5/2019) that became a felony (8/2020) based on counsel filing a false document with the circuit court in hopes of showing probationary conditions had been met."

¶ 10            Defendant asserted that he could establish cause for failing to allege these claims in his initial postconviction petition because his claims of ineffective assistance of counsel "were

- 3 -

not reasonably available in his prior petition." Defendant argued he could establish prejudice because "he was not possessed of the knowledge he now has in relation to the ineffective assistance of post-conviction counsel."

¶ 11        Along with his motion for leave to file a successive petition and the proposed successive petition, defendant filed an affidavit, in which he averred that he hired Williams to pursue posttrial motions, sentencing, a "motion to reconsider," and an appeal. Defendant stated he advised Williams of several issues he wanted raised "in the trial court and upon appeal," but Williams prepared a motion for a new trial that did not contain any of these issues and subsequently withdrew it without defendant's knowledge or consent. She also failed to file a motion to reconsider the sentence after defendant requested that she do so. Defendant further asserted that, without his knowledge or consent, Williams "did not file a notice of appeal following sentencing as requested" and that Williams claimed "a petition for post-conviction relief is an appeal." Defendant stated that the postconviction petition Williams filed did not contain any of the issues he wanted raised on appeal, she never discussed the postconviction petition with him, and he "did not agree or verify the filing of said petition as composed."

¶ 12        Defendant also filed along with his motion a copy of an ARDC complaint against Williams, which was dated May 17, 2021. The complaint alleged that Williams was cited for a traffic offense on April 28, 2019, subsequently pled guilty, was placed on court supervision, and was ordered to complete community service hours. She was later charged with forgery, a felony, for filing a document falsely claiming she had completed her community service hours, and she pled guilty.

¶ 13        On August 28, 2024, the trial court entered an order denying defendant's motion for leave to file a successive postconviction petition. This appeal followed.

¶ 14                    II. ANALYSIS

¶ 15        On appeal, defendant argues the trial court erred by denying him leave to file a successive postconviction petition because "the request clearly demonstrated ineffective assistance of counsel and provided cause and prejudice sufficient to file based on that ineffectiveness." Specifically, defendant argues Williams was ineffective for failing to (1) file a direct appeal after defendant told her he wanted to appeal, (2) file a proper Rule 651(c) certificate, and (3) inform him of her criminal charges and ARDC investigation that arose while she was representing him.

¶ 16        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) is "the statutory procedure by which a defendant can pursue a claim that his conviction or sentence was based on a substantial denial of his constitutional rights." *People v. Clark*, 2023 IL 127273, ¶ 38. This procedure is not an appeal from the underlying judgment but is a collateral attack on it. *Id.*

¶ 17        Only one postconviction petition may be filed without leave of court. 725 ILCS 5/122-1(f) (West 2022). The trial court may grant leave to file a successive postconviction petition "only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* "Cause" is shown by "identifying an objective factor that impeded [the petitioner's] ability to raise a specific claim during his or her initial post-conviction proceedings. *Id.* "Prejudice" is shown by "demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* "[A] petitioner must establish cause and prejudice as to each individual claim asserted in a successive petition." *People v. Pitsonbarger*, 205 Ill. 2d 444, 463 (2002).

- 5 -

¶ 18 The trial court is to make cause-and-prejudice determinations on the pleadings by conducting a preliminary screening to "determine whether the motion adequately alleges facts that make a *prima facie* showing of cause and prejudice." *Clark*, 2023 IL 127273, ¶ 47. We review *de novo* the court's cause and prejudice assessment. *Id.*

¶ 19 A. Ineffective Assistance of Postconviction Counsel

¶ 20 Initially, we note that defendant characterizes his three claims as "claims of ineffective assistance of post-conviction [counsel]." However, as there is no constitutional right to the assistance of counsel in postconviction proceedings, a claim of ineffective assistance of postconviction counsel is not cognizable in a successive postconviction petition. See *People v. Flores*, 153 Ill. 2d 264, 276 (1992) ("[B]ecause the Act was designed to address only deprivations of constitutional magnitude, a petitioner's claim of ineffective assistance of postconviction counsel at a prior post-conviction proceeding does not present a basis upon which relief may be granted under the Act."). For this reason, we find defendant's claim that Williams was ineffective for failing to file a proper Rule 651(c) certificate in the proceedings on his initial postconviction petition is not a proper claim for a successive postconviction petition. Accordingly, the trial court did not err in finding defendant failed to establish cause and prejudice as to this claim.

¶ 21 For the same reason, we also find that defendant's claim that Williams was ineffective for failing to inform him of her pending criminal charges and ARDC complaint was not a proper claim for a successive postconviction petition. The allegations in defendant's motion for leave to file a successive petition and the attached documentation show that the traffic violation that precipitated Williams's legal and professional issues occurred on April 28, 2019, which was after the time for filing a direct appeal of his conviction had passed. Accordingly,

these issues could only have affected Williams's representation of defendant in her capacity as postconviction counsel, and defendant may not assert a claim of ineffective assistance of postconviction counsel during the initial postconviction proceedings in a successive petition. See *id.* Thus, the trial court did not err in finding defendant failed to establish cause and prejudice as to this claim.

¶ 22       However, defendant's claim that Williams was ineffective for failing to preserve his right to appeal is not a true claim of ineffective assistance of *postconviction* counsel, as it concerns Williams's performance while representing defendant during posttrial and sentencing proceedings. Accordingly, we proceed to consider whether defendant has established cause and prejudice with regard to this claim.

¶ 23                                B. Right to Appeal

¶ 24       Defendant contends that he established cause and prejudice with regard to his claim that Williams was ineffective for failing to preserve his right to a direct appeal of his conviction. We agree.

¶ 25                                1. *Cause*

¶ 26       A defendant shows "cause" for failing to bring a claim in an initial postconviction petition by "identifying an objective factor that impeded [the petitioner's] ability to raise a specific claim during his or her initial post-conviction proceedings. 725 ILCS 5/122-1(f) (West 2022). Illinois courts have recognized that a defendant may show cause for failure to bring a claim of ineffective assistance of appellate counsel in initial postconviction proceedings where the defendant is represented by the same attorney on direct appeal and on the original postconviction petition. See *People v. Erickson*, 183 Ill. 2d 213, 228 (1998) ("[W]hen a criminal defendant is represented by the same counsel on direct appeal and in his initial post-conviction

proceeding, a claim of ineffective assistance of counsel on direct appeal may be raised in a second post-conviction proceeding."); *Flores*, 153 Ill. 2d at 281-82 ("Obviously, because defendant's ineffective-assistance claims concern errors which allegedly occurred on direct appeal and in the first post-conviction proceeding, and are asserted against the attorney who represented defendant in those proceedings, defendant's present claims *could not have been raised in those prior proceedings*." (Emphasis in original.)) This is because counsel cannot be expected to make a claim of his or her own ineffectiveness. See *People v. Lawton*, 212 Ill. 2d 285, 296 (2004) ("An attorney cannot be expected to argue his own ineffectiveness.").

¶ 27        Here, even though defendant never filed a direct appeal, we find the foregoing reasoning applies with equal force to his claim that Williams was ineffective for failing to pursue a direct appeal as defendant had requested. Defendant alleged in his affidavit that he hired Williams to pursue posttrial motions, handle his sentencing, and file an appeal. Defendant stated: "Attorney Williams, without my knowledge or consent, did not file a notice of appeal following sentencing as requested, claiming that a petition for post-conviction relief is an appeal." Defendant further alleged that Williams filed a postconviction petition that did not contain any of the issues he had told her he wanted raised on appeal and that he did not "agree or verify the filing of said petition as composed."

¶ 28        While the facts underlying defendant's claim of ineffective assistance of counsel were known to defendant at the time of the proceedings on his initial petition, raising this claim in the initial postconviction proceedings would have required Williams to assert her own ineffectiveness. See *Flores*, 153 Ill. 2d at 281-82. Thus, we find defendant has shown cause for failing to raise his claim of ineffective assistance of counsel during the initial postconviction proceedings.

¶ 29    We reject the State's argument that defendant could have raised this issue on appeal from the summary dismissal of his initial postconviction petition. In defendant's appeal from the dismissal of his initial petition, we expressly declined to consider his argument that Williams provided no representation at all in deciding whether to file a direct appeal. *Schoolcraft*, 2022 IL App (4th) 200601-U, ¶ 50. We found such an argument to be speculative, as the record did not indicate whether defendant elected not to pursue a direct appeal based on the sound advice of counsel. *Id.* In the instant appeal, on the other hand, defendant's affidavit supplies the necessary factual basis to support his claim that Williams was ineffective for failing to file a direct appeal as he had requested.

¶ 30                                    2. *Prejudice*

¶ 31    We now turn to the question of whether defendant has shown he suffered prejudice due to the failure to raise his claim of ineffective assistance of counsel in his initial petition. "To show prejudice, the petitioner must demonstrate that the claim not raised during his initial postconviction proceedings so infected the resulting conviction or sentence that it violated due process." *People v. Profit*, 2023 IL App (1st) 210881, ¶ 17.

¶ 32    Claims of ineffective assistance of counsel are evaluated under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a defendant must prove that counsel's performance fell below an objective standard of reasonableness and this deficient performance caused prejudice. *People v. Ross*, 229 Ill. 2d 255, 260 (2008).

¶ 33    "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000); see *Ross*, 229 Ill. 2d at 261. "Regarding performance, it is professionally

unreasonable to disregard specific instructions from the defendant to file a notice of appeal." *Ross*, 229 Ill. 2d at 261. To establish prejudice, a defendant must show that, but for counsel's deficient representation, the defendant would have appealed. *Id.* at 262. That is, "prejudice may be presumed when defense counsel's ineffectiveness rendered appellate proceedings nonexistent, essentially denying the defendant's right to appeal." *Id.*

¶ 34　　　　　Here, the allegations in defendant's motion for leave to file a successive postconviction petition and his supporting affidavit, taken as true, support his claim that Williams provided ineffective assistance of counsel by failing to file a notice of appeal after defendant directed her to do so. Defendant's affidavit indicates that he instructed Williams to file an appeal on his behalf, and she failed to do so, incorrectly advising him that a postconviction petition was an appeal. See *id.* at 269 ("A postconviction petition is no substitute for a direct appeal."). Taking these allegations as true, Williams's failure to file a notice of appeal was professionally unreasonable and was presumptively prejudicial to defendant under *Strickland*, as it denied defendant his right to a direct appeal. See *id.* at 261-62.

¶ 35　　　　　Because Williams's alleged ineffectiveness resulted in the loss of defendant's opportunity to file a direct appeal, we find that defendant's ineffective assistance of counsel claim so infected the trial proceeding that the resulting convictions violated due process. See *People v. Abdullah*, 2019 IL 123492, ¶ 19 ("Criminal defendants in Illinois have a fundamental right to appeal their convictions and sentences after a final judgment."). Accordingly, we conclude defendant has established cause and prejudice as to his claim that Williams provided ineffective assistance in failing to file a direct appeal such that the matter must be remanded for further postconviction proceedings on that claim.

¶ 36                                  III. CONCLUSION

¶ 37        For the reasons stated, we reverse the trial court's judgment finding defendant

failed to establish cause and prejudice as to his claim that Williams provided ineffective

assistance by failing to file an appeal as he had directed her to do, and we remand the matter for

further proceedings on that claim. We otherwise affirm the court's judgment.

¶ 38        Affirmed in part and reversed in part; cause remanded.